**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin R. Rucks, | CIV 12-1522-PHX-DGC (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Petitioner Kevin R. Rucks, who is confined in the Arizona State Prison Complex-Yuma, San Luis, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus (hereinafter "habeas petition") pursuant to 28 U.S.C. § 2254 (Doc. 1), and also a Supplement to his habeas petition (Doc. 3). Respondents filed an Limited Answer on November 16, 2012 (Doc. 13). On December 6, 2012, Petitioner filed a Reply (Doc. 16).

Petitioner also filed motions titled "Additional Materials Added to Petition," which is denoted on the docket as "Motion to Include Additional Materials in Petition for Writ of Habeas Corpus and for Court's Assistance in Obtaining Additional Material" (Doc. 5); "Motion for Discovery" (Doc. 11); "Additional Materials Added to Petition," which is denoted on the docket as "Motion to Add Amicus Curiae Brief to Petition" (Doc. 12); and a second "Additional Materials Added to Petition," which is denoted on the docket as "Motion to Include Additional Materials to Petition" (Doc. 15). Respondents filed an Response to Petitioner's Motion for Discovery (Doc. 14).

**BACKGROUND**

A.     Trial Court Proceedings.

On April 21, 2009, the State of Arizona filed a direct complaint in CR2009-126573, charging Petitioner with one count of possession or use of dangerous drugs, a class 4 felony, and one count of possession or use of marijuana, a class 6 felony.  (Doc. 13, Exh. A.)  On February 10, 2010, the State filed a direct complaint in CR2009-176839 charging Petitioner with one count of possession or use of marijuana, a class 6 felony.  (Id., Exh. B.)  On July 13, 2010, the State filed a direct complaint in CR2010-13692 charging Petitioner with hindering prosecution in the first degree, a class 3 felony.  (Id., Exh. C.)  On September 23, 2010, the State filed an indictment in CR2010-006561 charging Petitioner with one count of forgery, a class 4 felony, and one count of criminal impersonation, a class 6 felony.  (Id., Exh. D.)

On February 11, 2011, Petitioner pleaded guilty to one of the charged counts in each complaint: possession or use of dangerous drugs (CR2009-126573), possession or use of marijuana (CR2009-176839), hindering prosecution (CR2010-13692), and forgery (CR2010-006561).  (Doc. 13, Exhs. E, G, I, and K.)  The trial court accepted the pleas and thereafter sentenced Petitioner to a presumptive 2.25-year sentence for hindering prosecution, a presumptive 4.5-year sentence for forgery, a presumptive 1-year sentence for possession or use of marijuana, and a presumptive 4.5-year sentence for possession or use of dangerous drugs.  (Id., Exhs. F, H, J, and L.)  The trial court ordered that all of Petitioner's sentences be served concurrently.  (Id.)

B.     Post-Conviction Relief ("PCR") Proceedings.

On April 18, 2011, Petitioner filed a notice of PCR, indicating his intent to seek relief in all four of his cases.  (Doc. 13, Exh. M.)  The trial court appointed counsel to represent Petitioner, who subsequently reviewed the record and notified the court that she found no colorable claims to raise in PCR proceedings.  (Id., Exh. N.)  On December 5, 2011, Petitioner filed a *pro per* PCR petition.  (Id., Exh. O.)  In his petition, Petitioner raised the following issues: (1) ineffective assistance of his first counsel, Jesse Turner; (2) ineffective

assistance of his second counsel, Raymond Kimble; (3) ineffective assistance of his third counsel, Matt Brown; (4) prosecutorial misconduct; (5) perjury by a State's witness at a suppression hearing; and (6) double jeopardy. (Id.) The State filed a Response, and, on May 7, 2012, Petitioner filed a Reply. (Id., Exhs. P, Q.)

Before the trial court ruled on Petitioner's PCR petition, on June 18, 2012, Petitioner filed a Special Action in the Arizona Court of Appeals. (Doc. 13, Exh. R.) Petitioner argued in his Special Action that his constitutional rights were violated when the trial court granted the State additional time to respond to his PCR petition, and by the trial court not responding to his requests for disclosure or sanctions "or anything else" Petitioner had requested. (Id.) Subsequently, on June 26, 2012, and again before the trial court had ruled on his PCR petition, Petitioner filed an "Amicus Curiae Procedure for Special Actions Rule 7.(f)(g)" (hereinafter "Amicus")in the Arizona Court of Appeals. (Id., Exh. S.) In his Amicus, Petitioner supplemented the claims advanced in his Special Action, which were, in substance, essentially the same claims he advanced in his PCR petition. On June 28, 2012, the Arizona Court of Appeals declined to accept jurisdiction of Petitioner's Special Action. (Id., Exh. T.)

On July 12, 2012, the trial court dismissed Petitioner's PCR petition, finding that, "although [Petitioner] raises numerous claims that vary from case to case, the only ones that matter are those alleging that attorney Mathew O. Brown rendered ineffective assistance of counsel in connection with the February 2011 guilty pleas. The rest were waived by the guilty pleas. State v. Miller, 110 Ariz. 304, 518 P.2d 127, 129 (1974)." (Doc. 13, Exh. U, at 1.) The Court then analyzed the merits of this remaining claim and found that it did not state a colorable claim for relief. (Id., at 2-3.) There is nothing in the record before the Court to conclude that Petitioner sought review of the trial court's decision on his PCR petition in the Arizona Court of Appeals. In fact, Petitioner also filed the instant habeas petition prior to the trial court's decision .[1] Also, Petitioner acknowledges in his habeas petition that he did

_____

[1]Petitioner signed his habeas petition on July 9, 2012: it was stamped received by the United States Post Office on July 11, 2012, and stamped received by the Court on July 16, 2012. (Doc. 1, at 11, 12.)

not appeal the trial court's decision on his PCR petition to the Arizona Court of Appeals. (Doc. 1, at 5.)

In his habeas petition, Petitioner asserts the following claims: (1) ineffective assistance of counsel Jesse Turner, Raymond Kimble and Matt Brown; (2) prosecutorial misconduct; (3) perjury by State's witness; and (4) the trial court's violation of his due process rights by allowing the State an extension of time to file a response to his PCR petition, and by delaying a ruling on his PCR petition. (Doc. 1.)

## DISCUSSION

In their Answer, Respondents claim that Petitioner's claims are procedurally defaulted, as Petitioner has not exhausted his claims in the state court, and a return to state court in an attempt to exhaust them would be futile.  As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

A.     Exhaustion and Procedural Default

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court.  See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner.  See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based.  See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").  A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim

under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32. The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

1   Id. at 730-31.   A petitioner who fails to follow a state's procedural requirements for

2   presenting a valid claim deprives the state court of an opportunity to address the claim in

3   much the same manner as a petitioner who fails to exhaust his state remedies.  Thus, in order

4   to prevent a petitioner from subverting the exhaustion requirement by failing to follow state

5   procedures, a claim not presented to the state courts in a procedurally correct manner is

6   deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

7          Claims may be procedurally barred from federal habeas review based upon a variety

8   of factual circumstances.  If a state court expressly applied a procedural bar when a petitioner

9   attempted to raise the claim in state court, and that state procedural bar is both

10  "independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court

11  is barred.  See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default

12  prevents the state court from reaching the merits of a federal claim, that claim can ordinarily

13  not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977)

14  and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

15         Moreover, if a state court applies a procedural bar, but goes on to alternatively address

16  the merits of the federal claim, the claim is still barred from federal review.  See Harris v.

17  Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of

18  a federal claim in an *alternative* holding.   By its very definition, the adequate and

19  independent state ground doctrine requires the federal court to honor a state holding that is

20  a sufficient basis for the state court's judgment, even when the state court also relies on

21  federal law. ... In this way, a state court may reach a federal question without sacrificing its

22  interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322

23  F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not

24  _____

25         [2] A state procedural default rule is "independent" if it does not depend upon a federal

26  constitutional ruling on the merits.  See Stewart v. Smith, 536 U.S. 856, 860 (2002).

27         [3] A state procedural default rule is "adequate" if it is "strictly or regularly followed."

28  Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255,
    262-53 (1982)).

1  undermined where, as here, the state court simultaneously rejects the merits of the claim.")

2  (citing Harris, 489 U.S. at 264 n.10).

3          Furthermore, a subsequent "silent" denial of review by a higher court simply affirms

4  a lower court's application of a procedural bar.  See Ylst, 501 U.S. at 803 ("where ... the last

5  reasoned opinion on the claim explicitly imposes a procedural default, we will presume that

6  a later decision rejecting the claim did not silently disregard that bar and consider the

7  merits").

8          A procedural bar may also be applied to unexhausted claims where state procedural

9  rules make a return to state court futile.  See Coleman, 501 U.S. at 735 n.1 (claims are barred

10  from habeas review when not first raised before state courts and those courts "would now

11  find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir.

12  2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only

13  when a state court has been presented with the federal claim,' but declined to reach the issue

14  for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally

15  barred.'") (quoting Harris, 489 U.S. at 263 n.9).

16          In Arizona, claims not previously presented to the state courts via either direct appeal

17  or collateral review are generally barred from federal review because an attempt to return to

18  state court to present them is futile unless the claims fit in a narrow category.  See

19  Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on appeal or in prior

20  petitions for post-conviction relief), 32.4(a) (time bar), 32.9(c) (petition for review must be

21  filed within thirty days of trial court's decision).  Because Arizona's procedural rules are

22  consistently and regularly followed and are independent of federal law, either their specific

23  application to a claim by an Arizona court, or their operation to preclude a return to state

24  court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim

25  by a federal habeas court.  See Stewart, 536 U.S. at 860 (determinations made under

26  Arizona's procedural default rule are "independent" of federal law); Ortiz v. Stewart, 149

27  F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly

28  or regularly followed" Rule 32 of Arizona Rules of Criminal Procedure); State v. Mata, 916

1   P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-
2   conviction proceedings).

3         The federal court will not consider the merits of a procedurally defaulted claim unless
4   a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
5   his noncompliance and actual prejudice.  See Schlup v. Delo, 513 U.S. 298, 321 (1995);
6   Coleman, 501 U.S. at 750-51;  Murray, 477 U.S. at 495-96.  Pursuant to the "cause and
7   prejudice" test, a petitioner must point to some external cause that prevented him from
8   following the procedural rules of the state court and fairly presenting his claim.  "A showing
9   of cause must ordinarily turn on whether the prisoner can show that some objective factor
10  external to the defense impeded [the prisoner's] efforts to comply with the State's procedural
11  rule.  Thus, cause is an external impediment such as government interference or reasonable
12  unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir.
13  2004) (citations and internal quotations omitted).  Ignorance of the State's procedural rules
14  or other forms of general inadvertence or lack of legal training do not constitute legally
15  cognizable "cause" for a petitioner's failure to fairly present his claim.  Hughes v. Idaho State
16  Board of Corrections, 800 F.2d 905, 908-910 (9th Cir. 1986); accord, Schneider v. McDaniel,
17  674 F.3d 1144, 1153 (9th Cir. 2012).

18        To establish a "fundamental miscarriage of justice," a state prisoner must establish by
19  clear and convincing evidence that, but for the constitutional violation, no reasonable juror
20  could find him guilty of the offense.  28 U.S.C. §2254(e)(2)(B).  Regarding the "miscarriage
21  of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists
22  when a Constitutional violation has resulted in the conviction of one who is actually
23  innocent.  See Murray, 477 U.S. at 495-96.

24  B.    Petitioner's Claims

25        Petitioner's claims are unexhausted, as he did not properly present them to the
26  Arizona Court of Appeals.  The trial court had not yet ruled on Petitioner's PCR petition at
27  the time Petitioner filed his Special Action, and Amicus in the Court of Appeals.  Although
28  Petitioner's Special Action referenced facts and claims asserted in his PCR petition, he was

not seeking review of the trial court's decision on his claims.  Furthermore, his primary complaint in his Special Action was the delay in the PCR proceedings, and the trial court's failure to rule on motions. When the trial court did rule on Petitioner's PCR petition, he did not seek review of that decision in the Court of Appeals.

Furthermore, the appellate court did not review the merits of Petitioner's claims in his Special Action, but declined to accept jurisdiction.  See, Ariz.R.P.Spec.Act. 1 ("except as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal."); see also State ex rel. Romley v. Superior Court, 198 Ariz. 164, 165-66, ¶ 4 (App. 2000) (acceptance of jurisdiction of a petition for special action is discretionary and appropriate when there is no equally plain, speedy or adequate remedy available by appeal, or when the case presents a narrow question of law of statewide importance).  The only questions properly raised in a special action are: "(a) [w]hether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or (b) [w]hether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or (c) [w]hether a determination was arbitrary and capricious or an abuse of discretion." Ariz. R.Spec.Act. 3.

In contrast, in a petition for review, the appellate court is provided with the trial court record.  See, Ariz.R.Crim.P. 32.9(e) ("In Rule 32 of-right and non-capital cases, within 45 days after the receipt of the notice of filing of a petition for review, the record, including the trial court file and the certified transcript, shall be transmitted to the appellate court.").  The appellate court then, after considering the petition, in its discretion may grant review.  See, Ariz.R.Crim.P. 32.9(f) ("The appellate court may, in its discretion, grant review and may order oral argument upon the petition if deemed necessary ...").  It is clear that a special action is not the procedural substitute for a petition for review, even if Petitioner had filed his special action after the trial court had ruled on his PCR petition, and even if he had raised the same claims. Here, it is an even  poorer substitute, because the trial court had not ruled on his claims, and because Petitioner arguably was not even seeking a merits ruling on those

1  claims.  Petitioner did not fairly present his claims in a procedurally appropriate manner and

2  thus, they are unexhausted.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

3       It would also be futile for Petitioner, at this point, to return to the state court to try and

4  exhaust his claims, in light of state procedural rules.  The deadline for Petitioner to file a

5  Petition for Review was August 11, 2012.  See, Ariz.R.Crim.P. 32.9(c) (petition for review

6  must be filed within thirty days after the final decision of the trial court).  Because

7  Petitioner's claims are procedurally defaulted, federal review is barred unless Petitioner can

8  demonstrate cause for his procedural default, and prejudice, or that a fundamental

9  miscarriage of justice will occur if his claims are not heard.  Schlup, 513 U.S. at 321.  In his

10 Reply, Petitioner claims that "the Arizona Department of Corrections has no law library and

11 Petitioner was turned down access to review the CD that was sent."  (Doc. 16, at 11.)

12 Neither of these purported excuses explain why Petitioner was prevented from filing a

13 Petition for Review to the Arizona Court of Appeals, especially given the fact that he was

14 amply able to present his claims in his PCR and habeas petitions, and to file pleadings in the

15 Arizona Court of Appeals.  Also, the Court notes that, despite Petitioner's claim of no access

16 to a law library, his numerous pleadings filed in this case and in the state court, are replete

17 with legal citations and legal argument.

18      Petitioner claims that the additional discovery he has sought through his motions for

19 discovery will establish his innocence.  Petitioner has not demonstrated however, that, had

20 the additional discovery been presented at trial, no reasonable juror would have found him

21 guilty of the offense(s).  Furthermore, the discovery he references was available to Petitioner

22 prior to the time he elected to enter his guilty pleas.   Petitioner has not established that a

23 failure to review his habeas claims would result in a fundamental miscarriage of justice.

24 **CONCLUSION**

25      Having determined that Petitioner's claims in his habeas petition are procedurally

26 defaulted, and that Petitioner has not demonstrated cause and prejudice, or that a fundamental

27 miscarriage of justice will occur if Petitioner's claims are not reviewed, the Court will

28

recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion to Include Additional Materials in Petition for Writ of Habeas Corpus and for Court's Assistance in Obtaining Additional Material (Doc. 5); Petitioner's Motion for Discovery (Doc. 11); and Petitioner's Motion to Include Additional Materials to Petition (Doc. 15) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion to Add Amicus Curiae Brief to Petition (Doc. 12) be **DENIED** as **MOOT**, as Petitioner's Amicus Curiae Brief was attached as Exhibit S to Respondent's Answer (Doc. 13).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

1    to appellate review of the findings of fact in an order or judgment entered pursuant to the

2    Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

3         DATED this 13th day of February, 2013.

4

5

6                          Michelle H. Burns
                           United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28