**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin R. Rucks,<br><br>   Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>   Respondents. | No.   CV12-1522 PHX DGC (MHB)<br><br>**ORDER** |

  Pending before the Court are the petition for writ of habeas corpus filed by *pro se* Petitioner Kevin R. Rucks (Doc. 1), and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michelle H. Burns (Doc. 17). The R&R recommends that the petition be denied because the asserted claims are procedurally defaulted. Petitioner filed a written objection to the R&R. Doc. 28. Petitioner has not requested oral argument.

**I. Background.**

  Petitioner does not object to the R&R's recitation of facts, and therefore the Court will adopt it summarily. On February 11, 2011, Petitioner pled guilty to four offenses. Doc. 17 at 2. The trial court accepted the pleas and sentenced Petitioner to presumptive sentences for each offense, all to be served concurrently. *Id.*

  On April 18, 2011, Petitioner filed a notice of post-conviction relief ("PCR"). *Id.* The trial court appointed counsel to represent Petitioner, who subsequently reviewed the record and notified the court that she found no colorable claims. *Id.* On December 5, 2011, Petitioner filed a *pro per* PCR petition. *Id.* at 2-3.

On June 18, 2012, before the trial court ruled on the PCR petition, Petitioner filed a Special Action in the Arizona Court of Appeals. *Id.* at 3. On June 26, 2012, Petitioner filed an "Amicus Curiae Procedure for Special Actions Rule 7.(f)(g)" (hereinafter "Amicus") in the Arizona Court of Appeals, which supplemented the claims advanced in his Special Action. *Id.* On June 28, 2012, the Arizona Court of Appeals declined to accept jurisdiction of Petitioner's Special Action. *Id.*

On July 12, 2012, the trial court dismissed Petitioner's PCR petition. *Id.* The record does not indicate that Petitioner sought review of the trial court's decision in the Arizona Court of Appeals. *Id.*

Petitioner's writ of habeas corpus raises four grounds for relief. Doc. 1. The R&R concludes that the claims are procedurally defaulted and that Petitioner has failed to establish a basis to overcome the procedural bar. Doc. 17 at 9-10.

**II. Discussion.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Petitioner makes two objections: (1) the Special Action exhausted his claims (Doc. 28 at 3); and (2) discovery would prove that he is "Not Guilty" (*id.* at 4).

**A.    Exhaustion.**

The R&R finds that Petitioner's claims are unexhausted and procedurally defaulted because Petitioner did not properly present them to the Arizona Court of Appeals. Doc. 17 at 8-9. Petitioner argues that because the trial court failed to timely rule on his PCR petition, his Special Action satisfies the exhaustion requirement. Doc. 28 at 2. "Claims are not fairly presented if they are raised in a procedural context in which the merits will not be considered absent special circumstances." *Kajander v. Shroeder*, No. CV-08-1172-PHX-GMS (GEE), 2009 WL 775395, *2 (D. Ariz. Mar. 20,

2009) (quotation marks and citations omitted). Because acceptance of jurisdiction of a Special Action is highly discretionary, the filing of a Special Action is not a mechanism to fairly present claims for exhaustion purposes. *Kajander*, 2009 WL 775395 at *3; *see also Little v. Schriro*, No. CV-06-2591-PHX-FJM, 2008 WL 2115230, *12 (D. Ariz. May 19, 2008); *Craig v. Schriro*, CV-06-0626-PHX-PGR, 2006 WL 2872219, *10 (D. Ariz. Oct.5, 2006); *Rodriquez v. Klein*, No. CV-05-3852-PHX-NVW, 2006 WL 1806020, *4 (D. Ariz. June 28, 2006).

The timing of the trial court's ruling on Petitioner's PCR petition does not change the exhaustion analysis. Petitioner argues that the trial court did not review his PCR petition according to the timeframe set in Arizona Rule of Criminal Procedure 32.6 (Doc. 28 at 2), but Petitioner failed to file a Petition for Review, and thus Petitioner failed to properly present that claim for federal habeas exhaustion purposes. The Court denies Petitioner's objection to the R&R's finding that Petitioner's claims are unexhausted and procedurally defaulted.

**B.    Discovery.**

A procedurally defaulted claim will not be barred from federal review if the petitioner can demonstrate that a miscarriage of justice would result. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quotation marks and citations omitted). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness actions, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Although Petitioner argues that additional discovery would prove he is "Not Guilty" (Doc. 28 at 4), Petitioner does not identify credible evidence that, if obtained through discovery, would establish his actual innocence. The Court agrees with the R&R that Petitioner has not established that a fundamental miscarriage of justice would result if the Court denies his claims.

**IT IS ORDERED:**

1. Magistrate Judge Michelle H. Burns R&R (Doc. 17) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
4. The Clerk of Court is directed to **terminate** this action.

Dated this 17th day of May, 2013.

_David G. Campbell_
David G. Campbell
United States District Judge